

MICHAEL P. PAPPAS LAW FIRM, P.C.

October 21, 2014

<u>VIA ECF & FAX (212-805-7943)</u>

The Honorable Edgardo Ramos
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

Re:     **Biz2Credit, Inc. v. Kular**
        **Case No. 14 cv 8223 (ER)**

Dear Judge Ramos:

On behalf of the Defendant Shalinder Kular, and pursuant to Your Honor's Individual Practice Rule 2(A)(ii), we respectfully submit this pre-motion conference letter in support of Defendant's proposed motion: (i) to dismiss the Complaint pursuant to Fed.R.Civ.P. 12(b)(2) for lack of personal jurisdiction; or, alternatively (ii) to dismiss the Complaint pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted.

I.      **NATURE OF CLAIMS**

In September 2013, one of Plaintiff's employees, Neeraj Tulshan, left to start his own business. Shortly thereafter, Plaintiff sued Tulshan in state court for breaching restrictive covenants in his employment agreement. (That action is still pending.) In addition to suing Tulshan, Plaintiff is now seeking to destroy Tulshan's fledgling company by filing lawsuits against former customers who decided to do business with Tulshan, claiming they tortiously interfered with Tulshan's agreement. This is one of those lawsuits.

II.     **BASIS FOR MOTION TO DISMISS**

Plaintiff's Complaint should be dismissed because there is no basis for exercising personal jurisdiction over Defendant, an Indiana resident with no jurisdictional ties to New York. Even if personal jurisdiction existed, the Complaint fails to state a plausible legal claim upon which relief can be granted because essential elements of a tortious interference cause of action are lacking.

Hon. Edgardo Ramos
October 21, 2014
Page 2

- First, there is no basis for exercising personal jurisdiction over Mr. Kular under New York's long-arm statute. See CPLR 302. Mr. Kular is a resident and domiciliary of Indiana who owns and operates businesses there that are entirely local in character, such as convenience stores, delis, and cafes. He does not transact business within New York State, does not contract to supply goods or services here, and does not own any real property here.

Further, the Complaint does not contain any facts showing that Mr. Kular committed tortious acts within New York State. On the contrary, all of Mr. Kular's communications with Plaintiff and Tulshan that are the subject of this lawsuit were made by telephone or email from Indiana, and there are no allegations that Mr. Kular was physically present in New York when he committed the alleged acts.

To the extent the alleged torts were committed outside New York State, they would not subject Mr. Kular to personal jurisdiction here because there is no evidence (i) that Mr. Kular regularly does business or derives revenue from goods used or services rendered in New York, (ii) that his alleged acts caused damage to Biz2Credit within the state, or (iii) that Mr. Kular derives substantial revenue from interstate commerce. Indeed, all of the "clients" purportedly lost by Plaintiff as a result of Mr. Kular's actions are located in Indiana; thus, any alleged harm occurred only with respect to Biz2Credit's business in Indiana. The mere fact that Plaintiff's headquarters are in New York is insufficient to confer personal jurisdiction over Mr. Kular. See, e.g., ICC Primex Plastics Corp. v. LA/ES Laminati Estrusi Termoplastici S.P.A., 775 F. Supp. 650, 656 (S.D.N.Y. 1991).

Finally, even assuming, arguendo, that the jurisdictional criteria of New York's long-arm statute have been met, Mr. Kular does not have sufficient contacts with New York State to satisfy Constitutional due process requirements.

- Second, even if the Court were to find that it has personal jurisdiction over Mr. Kular, the Complaint should be dismissed with prejudice because it does not (and cannot) state a plausible claim upon which relief can be granted.

To state a claim for tortious interference under New York law, the complaint must allege that the defendant's actions were the "but for" cause of the alleged breach of contract, i.e., that there would not have been a breach but for the activities of the defendant. See, e.g., Granite Partners, LP v. Bear, Stearns & Co., 17 F. Supp. 2d 275, 292-93 (S.D.N.Y. 1998) (and cases cited therein); Mina Inv. Holdings Ltd. v. Lefkowitz, 16 F. Supp. 2d 355, 359-60 (S.D.N.Y. 1998). Moreover, the pleadings may not be conclusory on this point; they must be supported by sufficient allegations of fact. Id.

Here, the Complaint merely alleges in conclusory fashion that Mr. Kular "procured" Tulshan's breach of the employment agreement, but provides no facts describing how Mr. Kular procured the breach or showing that Tulshan would have complied with the agreement "but for"

Mr. Kular's actions. On the contrary, Plaintiff has affirmatively alleged in the *Tulshan* action that Tulshan had either already breached or was predisposed to breach the agreement prior to his dealings with Mr. Kular. Among other things, Plaintiff alleges that Tulshan had already breached the agreement by (i) soliciting other clients, and (ii) stealing confidential information, all while he was still employed at Plaintiff and before the alleged interference by Mr. Kular. In addition, Plaintiff alleges that, prior to Mr. Kular's alleged interference, Tulshan had already informed Plaintiff that he did not intend to comply with the restrictive covenants in his employment agreement because he did not believe they were enforceable. These allegations are fatal to Plaintiff's claims because they negate any possibility that Mr. Kular's actions were the "but for" cause of Tulshan's alleged breach. See, e.g., Granite Partners, LP, 17 F. Supp. 2d at 292-94.

    For the foregoing reasons, Defendant's proposed motion to dismiss is meritorious, and the Complaint should be dismissed in its entirety, without leave to amend.

MPP/jb

Respectfully submitted,

Michael P. Pappas