UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
BIZ2CREDIT INC.,

                         : Case No.
               Plaintiff,    14-CV-8223(ER)
                         :

    -against-

                         : Hon. Edgardo Ramos

SHALINDER KULAR,            :

                Defendant.    :
----------------------------------------X

# PLAINTIFF'S MEMORANDUM OF LAW
## IN OPPOSITION TO MOTION TO DISMISS

# TABLE OF CONTENTS

                                                              Page

PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO MOTION
        TO DISMISS . . . . . . . . . . . . . . . . . . . 1

        Preliminary Statement  . . . . . . . . . . . . . 1

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . 3

        THE MOTION TO DISMISS MUST BE DENIED . . . . . . 3

                A.    Legal Standard on Motion to Dismiss  . . 3

                B.    Defendant's Use of Extraneous Materials
                      On the Motion  . . . . . . . . . . . . . 5

                C.    Tortious Interference with Contractual
                      Relations  . . . . . . . . . . . . . . . 8

                D.    Unfair Business Practice . . . . . . . . 17

                E.    Contacts with New York . . . . . . . . . 18

                F.    Long Arm Jurisdiction  . . . . . . . . . 19

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . 24

I

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------X
BIZ2CREDIT INC.,

                    Plaintiff,

     -against-

SHALINDER KULAR,

                    Defendant.
------------------------------------------X

: **Case No.**
  **14-CV-8223(ER)**
:

: **Hon. Edgardo Ramos**

:

:

## PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO MOTION TO DISMISS

### Preliminary Statement

      This Memorandum of Law is respectfully submitted by plaintiff Biz2Credit Inc. ("Biz2Credit") in opposition to the defendant's motion to dismiss, made pursuant to Fed. R. Civ. P. 12(b)2 and 6, based upon the alleged lack of contacts between the defendant and New York.  The defendant also seeks to dismiss the two claims asserted by Biz2Credit against the defendant for tortious interference with contract and unfair business practices as being insufficiently pled (Defendant would like the Court to dismiss the claims with prejudice).  The defendant's motion lacks merit and should be denied.*

      We demonstrate below that the Claims for Relief are sufficiently pled and contain ample factual detail to state viable claims for each.  The complaint details when specific events

---

\* **Defendant's motion is served listing as counsel an Indiana law firm which has not yet sought formal admission to this Court in accordance with the Rules of this Court.**

occurred, how they occurred, why they occurred and even identifies the particular accounts of Biz2Credit which were tortiously interfered with by the defendant and under what circumstances. The complaint details the theft of proprietary and confidential materials off the Biz2Credit computers so Neeraj Tulshan ("Tulshan") could service the defendant's accounts despite the prohibition in Tulshan's employment agreement disclosed to defendant. The claim for unfair business practices details the practices engaged in by the defendant which are the basis for that claim, including pilfering the proprietary and confidential materials from plaintiff's computers, and taking customers lists and other such items for use by Tulshan in servicing Kular and others.

As such, the claims are hardly conclusory, and, as this Court is aware, in deciding such a motion all allegations in the challenged pleading must be deemed to be true, with all reasonable inferences drawn in favor of upholding the challenged pleading. The defendant's motion ignores that standard as it works to pick apart the pleading in direct violation of the standard of review to be applied by this Court and without proper legal support for the positions advanced.

The pro forma Declaration by the defendant alleges lack of contacts with New York. However, the Affidavit of Biz2Credit's President, Ramit Arora, challenges those lack of contacts by detailing defendant's multiple contacts with New York out of which:

2

defendant retained Biz2Credit to perform services for him; was retained by Biz2Credit for defendant to act as a referral agent for Biz2Credit; and through these contacts with New York defendant learned of Biz2Credit's operation, which information defendant ultimately used to aid and abet the tortious misdeeds of disloyal employee Tulshan, all of which caused serious harm to Biz2Credit in New York.  The misconduct involved not only tortious conduct which played out in New York where Biz2Credit operates, but the planning between Kular and Tulshan, who was employed by Biz2Credit in New York until September 19, 2013, is yet another New York contact.

In an attempt to perhaps prejudice the plaintiff, the defendant improperly introduces, relies upon and misconstrues a complaint pending in the New York Supreme Court, interrogatory responses given in that state court action, and a contract between plaintiff and Mr. Tulshan.  As hereinafter discussed, the use of interrogatory responses from another action, a complaint from another action and an employment agreement sought to be enforced in the state Court action is improper, and goes beyond that which is permissible under the very motion made by the defendant.

As hereinafter discussed, the defendant's motion to dismiss must be denied.

**ARGUMENT**

**THE MOTION TO DISMISS MUST BE DENIED**

**A.    Legal Standard on Motion to Dismiss**

In order to defeat a motion to dismiss under Rule

3

12(b)(6), **"a complaint must contain sufficient factual matter . . . 'to state a claim for relief that is plausible on its face'"**. **Ashcroft v. Iqbal**, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)(quoting **Bell Atlantic Corp. v. Twombly**, 550 U.S. 544, 556, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).** While a complaint need not make detailed factual allegations, it must contain more than mere **"labels and conclusions or formalistic recitations of the elements of a cause of action"**. **Id**. (quoting **Twombly**, 550 U.S. at 555). **See also**, **Nostrum Pharmacies, LLC v. Dixit**, 2014 U.S. Dist. LEXIS 123775 (S.D.N.Y. 2014); **Ray Legal Consulting Group v. DiJoseph**, 2014 U.S. Dist. LEXIS 109935 (S.D.N.Y. 2014).

In ruling on a motion to dismiss, the Court's task **"is merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof"**. **GVA Market Neutral Master Ltd. v. Veras Capital Partners Offshore Fund Ltd.**, 580 F. Supp. 2d 321, 327 (S.D.N.Y. 2008)(quoting **Eternity Global Master Fund Ltd. v. Morgan Guaranty Trust of New York**, 375 F. 3d 168, 176 (2d Cir. 2004).** In assessing a motion to dismiss under Rule 12(b)6, a Court must assess the allegations in the complaint and draw all reasonable inferences in plaintiff's favor. **Erickson v. Pardus**, 551 U.S. 89, 93-4, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007).

At bar, the claims asserted have been pled in satisfaction of the legal requirements, as shall be demonstrated.

Notably, the defendant misstates the law and would even object to permitting Biz2Credit to amend its pleading to cure any perceived pleading defects (of which it concedes none).  Interestingly, in arguing for that, the defendant cites only to cases where dismissal was granted without prejudice to replead.

**B.    Defendant's Use of Extraneous Materials on the Motion**

On a motion to dismiss, the Court is generally limited to reviewing the allegations in the complaint and any documents attached to the complaint or incorporated by reference. **Roth v. Jennings, 489 F. 3d 499, 509 (2d Cir. 2007); McCarthy v. Dun & Bradstreet Corp., 482 F. 3d 184, 191 (2d Cir. 2007)("When deciding a motion to dismiss, ordinarily the court's review is limited to the facts as asserted within the four corners of the complaint, the documents attached to the complaint as exhibits, and any documents incorporated in the complaint by reference").** Materials outside the pleadings relative to the possible merits of the claim are impermissible.

At bar, the motion to dismiss by defendant clearly violates this proscription by annexing:

(a) A complaint in an action pending in the New York Supreme Court;

(b) Two sets of interrogatory responses emanating from the New York Supreme Court action; and

(c) A copy of a contract involving Biz2Credit and a former employee of Biz2Credit.

None of these documents were annexed to the complaint in this action, although reference to the New York Supreme Court action and to the contract is made in the complaint in this action.

When matters outside the pleading are presented, a District Court must either exclude the extraneous material and decide the motion based solely upon the complaint alone or convert the motion to one for summary judgment under Fed. R. Civ. P. 56 and afford all parties an opportunity to present supporting material. **Nakahata v. New York-Presbyterian Healthcare Systems**, 723 F. 3d 192, 202 (2d Cir. 2013).

In the case at bar, the documents annexed by defendant are impermissible and dispositive of nothing. Moreover, Biz2Credit has not had the opportunity to seek documents from this defendant or to depose the defendant. As such, although Biz2Credit has evidentiary materials necessary to establish defendant's liability to it on both claims, Biz2Credit's ability to demonstrate even further the defendant's liability here will be hampered until full blown discovery is made available.

In an opinion by this Court, it was noted that the purpose of Rule 12(b)(6) was **"to test, in a streamlined fashion, the formal sufficiency of the plaintiff's statement of a claim for relief without resolving a contest regarding its substantive merits.", and without regard for the weight of the evidence that might be offered in support of plaintiff's claim."** **Concord Associates L.P. v. Entertainment Properties Trust**, 2013 US Dist.

LEXIS 186964, at 12, 2014 WL 186964 (S.D.N.Y., September 18, 2013)(Quoting **Halebian v. Berv**, 644 F. 3d 122, 130 (2d Cir. 2011)(Quoting **Global Network Communications Inc. v. City of New York**, 458 F. 3d 150, 155 (2d Cir. 2006).

Therefore, the Court **"must ordinarily confine itself to the four corners of the complaint and look only to the allegations contained therein."** Id. Later, in the opinion, this Court discussed **"extrinsic materials submitted by plaintiffs in opposition to defendant's motion,"** including a declaration by counsel and various exhibits. Id. at 61. Since these documents were not incorporated by reference or otherwise shown to be integral to the amended complaint, the Court declined to consider the **"exhibits in analyzing whether there [were] sufficient factual allegations in the Amended Complaint establishing . . . [participation] in an anti-trust violation."** Id. at 61-62. This Court noted: **"Plaintiff may no more amend the complaint through motion papers, then defendants may supplement the record with documents not integral to the complaint."** Id. at 61 (quoting **Serdarevic v. Centex Homes LLC**, 760 F. Supp. 2d 322, 330 (S.D.N.Y. 2010).

Our courts have not hesitated to exclude extraneous materials impermissibly offered on a motion to dismiss and thus decline to convert the motion to one for summary judgment. **Sahu v. Union Carbide Corp.**, 548 F. 3d 59 (2d Cir. 2008); **Newman &**

7

**Schwartzc v. Asplundh Tree Expert Co.**, 102 F. 3d 660 (2d Cir. 1996); **Kopec v. Coughlin**, 922 F. 2d 152, 155 (2d Cir. 1991); **Fonte v. Board of Managers of Continental Towers Condominium**, 848 F. 2d 24, 25 (2d Cir. 1988); **Clarke v. Trans Union LLC**, 2014 U.S. Fist. LEXIS 158552 (S.D.N.Y. 2014); **Kraker v. City of New York**, 2014 U.S. Dist. LEXIS 136540 (S.D.N.Y. 2014); **Simmons v. Cripps**, 2013 U.S. Dist. LEXIS 49697 (S.D.N.Y. 2013).

The defendant's use of extraneous materials should be excluded.

## C.   Tortious Interference With Contractual Relations

In New York, in order to state a claim for tortious interference with contract, a plaintiff must allege:

> **"(1) the existence of a valid contract between the plaintiff and a third party;**
>
> **(2) the defendant's knowledge of the contract;**
>
> **(3) the defendant's intentional procurement of the third-party's breach of the contract without justification;**
>
> **(4) actual breach of the contract; and**
>
> **(5) damages resulting therefrom."**

**Nostrum Pharmacies LLC v. Dixitt**, 2014 U.S. Dist. LEXIS 123775 (S.D.N.Y. 2014). In addition, a plaintiff must allege that there would not have been a breach but for the activities of the defendant. **Ray Legal Consulting Group v. DiJoseph**, 2014 U.S. Dist. LEXIS 109935 (S.D.N.Y. 2014).

8

A review of Biz2Credit's first claim (Exhibit "A" to Arora Affidavit) reveals that the pleading requirements for a valid claim for tortious interference have been satisfied.  The complaint pleads the existence of a valid contract between plaintiff and Neeraj Tulshan (Cplt, par. 11); defendant's knowledge of the contract (Cplt, par. 12); the defendant's intentional procurement of another's breach of the contract (Cplt, par. 12); actual breach of the contract (Cplt, par. 13); and damages resulting therefrom. (Cplt, paras. 13-14). In addition, plaintiff has specifically pled that there would not have been a breach but for the activities of defendant Kular. (Cplt. par. 14).

Accordingly, Biz2Credit is hard-pressed to understand the basis on which the defendant is challenging the sufficiency of the claim for tortious interference with contract - - - especially where all of the necessary elements for that claim have been pled. Furthermore, to the extent that the defendant is alleging that the complaint is **"conclusory"**, the complaint is anything but conclusory.  The complaint even goes so far as to identify the specific accounts of Biz2Credit which were interfered with by the defendant. (Cplt., para. 17).  This is, of course, a partial list, subject to the list growing once Biz2Credit can avail itself of discovery.

As best we can understood it, Kular's primary argument appears to be that the language pleading "but for" the defendant's conduct, the third party (Tulshan) would not have breached the

9

contract, is conclusory.

The complaint actually states at para 13:

> **. . . Defendant has procured breaches of the contract between plaintiff and Tulshan, resulting in substantial damages to the plaintiff.**

The complaint goes on to state that defendant Kular aided and abetted Tulshan in removing plaintiff's proprietary and confidential information (including customer lists) in order to assist Tulshan in the formation of a competing business by enticing Biz2Credit's customers to leave Biz2Credit in order to do business with Tulshan. (Cplt., paras. 14 and 15).

Kular cites to various cases stating that **"but for"** is an element for tortious interference with contractual relations under New York Law. Biz2Credit does not dispute that. However, Kular goes on to state, **without** citing to any authority whatsoever that Biz2Credit must plead facts answering many questions such as why Tulshan could not have breached the employment contract without Kular's aid, what Kular said to Tulshan, what specific information was taken, and how Kular aided in obtaining this information. There is **no New York case** in which any of these points rise to the level of becoming necessary elements to be pled in a complaint alleging tortious interference with contract. The points raised by Kular seem to be issues more appropriate for examination in discovery, rather than a basis for dismissing a complaint because those questions were not posed and answered in the body of the

10

complaint.   In a word, the argument advanced by Kular is:
**frivolous**.

It gets worse for Kular.   Kular cites to four cases, spanning over a decade, where courts have held that the **"but for"** allegation was conclusory.   A review of the cases is instructive.

In **WorldWide Communications v. Rozar**, **1997 U.S. Dist. LEXIS 20596 at 27-28 (S.D.N.Y. 1997),** the Court dismissed the claim not for the reason given by Kular.   Rather, the court's reasoning for dismissing the complaint was that:

> **Without pleading anything beyond the existence of contracts, we cannot find that the interference alleged is wrongful or improper, and therefore tortious.**

Nowhere in that opinion did the court ever state that the **"but for"** allegation was conclusory.   Instead, it stated that because the alleged contracts are conclusory, it is unclear how any of the pleading requirements have been met.   Simply put, Kular has misstated the case and its relevance is thus suspect.

Kular also cites to **American Preferred Prescription Inc. v. Health Management**, **252 A.D. 2d 414, 418 (1st Dept. 1998).** There, the Court found that the oral contracts were speculative, stating:

> **[W]hen a plaintiff fails to demonstrate that its contracts would have continued 'but for' the defendants' actions, or to sufficiently support a claim for damages, the cause of action fails under the theory of tortious interference with prospective business relations.**

11

The Court did not discuss the elements of a claim for tortious interference with contractual relations as it found that there was no underlying existing contract. Moreover, the motion was presented to the Court was at the summary judgment stage rather than a motion to dismiss.

In **Washington Avenue Associates v. Euclid Equipment, 229 A.D. 2d 486, 487, 678 N.Y.S. 2d 511 (2d Dept. 1996)**, the Court did dismiss the tortious interference with contract claim because it lacked any factual support whatsoever. However, the allegation in that complaint merely stated that the legal conclusion that "but for" the defendant's actions, the third party would not have breached the contract was based solely upon some general conversations. At bar, the Complaint provides far more factual detail as to defendant's infiltration of Biz2Credit's business, defendant having a contractual relationship with Biz2Credit and defendant's direct knowledge of the solicitation prohibition in the third party's contract.

Lastly, in **Diehl v. Levine, 2008 N.Y. Slip. Op. 31662 (U) (Nassau County 2008)**, the tortious interference claim was dismissed. However, the complaint there pled that the third party was inclined to breach the contract anyway, or, in other words, the result would have been no different if defendant had not interfered.

In two recent Southern District cases, **Norstrum**

**Pharmacies LLC v. Dixitt**, 2014 U.S. Dist. LEXIS 123775 (S.D.N.Y. 2014) and **Island Two LLC v. Island One Inc.**, 2013 U.S. Dist. LEXIS 138963 (S.D.N.Y. 2013), the Courts held that the mere pleading of **"but for"** is sufficient.

Kular's next argument is that the Complaint does not allege that Kular solicited Tulshan to breach the employment agreement, or, alternatively, if Tulshan solicited Kular to help him breach the contract, then Kular was not the **"cause of the actual breach"**. That argument based upon semantics also fails. In advancing this argument, Kular relies upon **Michele Pommier Models Inc. v. Men Women NY Model Management Inc.**, 1999 U.S. App. LEXIS 7773 at 3 (2d Cir. 1999). That case was at the summary judgment stage, and not at the motion to dismiss stage. Moreover, the Court there determined that **"[t]he evidence overwhelmingly demonstrated that the third party intended to breach her contract with plaintiff several months prior to her negotiations with defendant, and that it was she who sought out defendant for the purpose of breaching her contract with plaintiff"**.

Notably, the other cases cited to by Kular, **Metito (overseas) Ltd. v. GE**, 1999 U.S. Dist. LEXIS 12590 (S.D.N.Y. 2009) and **Cantor Fitzgerald Associates, L.P. v. Tradition N. America, Inc.**, 299 A.D. 2d 204, 749 N.Y.S. 2d 249 (1st Dept. 2002), were also at the summary judgment stage and evidence was uncovered through discovery. Applying **Refco Inc. Securities Litigation v.**

**Aaron**, **825 F. Supp. 2d 478, 515 (S.D.N.Y. 2010)**, the reason Kular cannot find a case deciding the causation issue for tortious interference on a motion to dismiss is because the question of proximate cause is a question of fact left for the trier of fact. **Refco** cites many cases in support of this principle.

Kular next argues that it is necessary to allege that Kular acted **"without justification"** in order to defeat a Rule 12(b)6 motion. The primary case law support for this proposition is **Kirch v. Liberty Media Corp.**, **449 F. 3d 388, 401-2 (2d Cir. 2006)**. There, the complaint alleged that the third party **"walked away"** from its contract with the plaintiff. Furthermore, the Court noted that nowhere do plaintiffs assert that third party actually breached its contract with plaintiff. Therefore, the Court drew the conclusion that the third party had already **"decided"** to breach the contract. Reliance upon this case by defendant is suspect since, at bar, the contract remained in effect even after Tulshan left Biz2Credit's employ.

**In Medtech Products v. Ranir LLC**, **596 F. Supp. 2d 778, 797-98 (S.D.N.Y. 2008)**, the Court did dismiss a tortious interference with contract claim because it was not alleged that the defendant's action was without justification. The Court, however, stated:

> **Courts consider the following factors in deciding whether the intentional procurement was without justification: the nature of the conduct of the person who interferes, the**

14

> **interest of the party being interfered with,
> the relationship between the parties, the
> motive and interest sought to be advanced by
> the one who interferes, the social interest in
> protecting the freedom of action of that
> person, the contractual interest of the party
> interfered with and the proximity or remoteness
> of the interference of the conduct complained
> of.**

In addition, the Court stated:

> **There is legal authority establishing that
> it is not necessary to allege that the
> interference was malicious or done through
> wrongful means.**

In **Medtech**, the complaint alleged that the defendant **"should have
known"** about the plaintiff's contract with the third party, and the
Court found that to be conclusory.

In the case at bar, it is specifically pled by
Biz2Credit, at paragraphs 10, 12 and 13 of the Complaint that the
principal of Biz2Credit informed the defendant of the non-
solicitation provision in the contract between Biz2Credit and
Tulshan, and the Complaint specifically alleges the proximate
relationship between Tulshan and Kular, and Kular's actions,
motives and interests. (Cplt., at paras. 10, 12 and 13).

Moreover, the use of the actual words **"without
justification"** are not necessary to be pled, but can be inferred
from the pleading. In **Ray Legal Consulting Group v. DiJoseph**, **2014
U.S. Dist. LEXIS 109935 (S.D.N.Y. 2014)** where the complaint there
contained no allegations about the interference being without
justification, but, instead, the Court implied that from the

15

factual allegations. Indeed, as the Court stated in **Cerveceria Modelo, S.A. de C V. v. U.S.P.A. Accessories LLC**, **208 U.S. Dist. LEXIS 28999 at 10-14 (S.D.N.Y. 2008): "It must be emphasized that to state a claim for tortious interference with contract under New York Law, defendant need not allege malice on the part of** plaintiffs or that plaintiffs used wrongful means to procure the **breach."** It further stated that **"a claim for tortious interference with contract requires only "improper" conduct.** Finally, **"[t]he "improperly" and "without justification" elements of tortious interference with contract are indistinguishable in the case law, and courts in this Circuit appear to use the terms interchangeably."** Therefore, factual allegations of improper conduct are interchangeable with alleging lack of justification.

Kular's last argument is that one must allege specific damages that, again, were incurred "but for" Kular's actions. Kular again relies upon **Kirch v. Liberty Media Corp.**, **449 F. 3d 388, 401-2 (2d Cir. 2006)**. The tortious interference part of this decision nowhere mentions damages. As mentioned above, it dismisses the claim because the complaint specifically alleged that the third party **"walked away"** from the contract. Kular's reliance upon **American Preferred Prescription Inc. v. Health Management**, **252 A.D. 2d 414, 678 N.Y.S. 2d 1 (1st Dept. 1998)** is also misplaced because the case reached the Court on a summary judgment motion and not on a motion to dismiss.

**D.    Unfair Business Practice**

In New York, in order to state a valid claim for unfair business practice, one must plead the following:  misappropriation of materials for commercial advantage by wrongfully procuring a benefit or property right belonging to another.  **Kati Roll Co. v. Kati Junction Inc.**, **2014 U.S. Dist. LEXIS 96826 (S.D.N.Y. 2014); Kwan v. Schlets, 441 F. Supp. 2d 491, 502-3 (S.D.N.Y. 2006).**

A review of the claim for unfair business practice (a claim which incorporates all of the prior allegations in the Complaint), clearly meets the pleading standard.  The defendant's role in aiding and abetting Tulshan to misappropriate the proprietary an confidential materials off plaintiff's computers so Tulshan could perform Kular's work and referrals by Kular has been sufficiently pled.

In the complaint, at paragraph 15, it is pled that Kular aided, abetted and encouraged Tulshan to remove proprietary and confidential materials off Biz2Credit's computer in order to be able to use such materials and information to continue to service Kular's business going forward.  **Kati Roll Corp. v. Kati Junction Inc., 2014 U.S. Dist. LEXIS 96826 at 16 (S.D.N.Y. 2014)**("New York's unfair competition law recognizes a cause of action for misappropriation -- 'taking the skill, expenditures and labors of a competitor, ad misappropriating [same] for the commercial advantage of one person . . . a benefit and property right of another'".  See also **Balance Point Divorce Funding LLC v. Scrantom, 978 F. Supp. 2d**

17

341, 353 (S.D.N.Y. 2013).

Kular argues that the tortious interference and unfair business practice claims are duplicative. This argument ignores Fed. R. Civ. P. 8 which permits pleading in the alternative. **Hughes v. Patrolmen's Benevolent Association**, 850 **F. 2d 876, 882 (2d Cir. 1998).** Kular's argument also ignores the fact that there are two events pled in the Complaint for which Kular is claimed to be liable. First, referring business to Tulshan in direct violation of Tulshan's employment agreement whose terms were shared with defendant. Second, the removal of proprietary and confidential materials by Tulshan so he could work on Kular's matters. Biz2Credit is entitled to advance all viable theories and claims which it can prove.

Defendant's challenge to the unfair business practice claim also fails.

## E. Contacts with New York

On the issue of alleged lack of contacts between Kular and New York, this Court is respectfully referred to the Affidavit of Biz2Credit's principal, Ramit Arora, who dealt with Kular for years. A comparison of the factually detailed Arora Affidavit and the **pro forma** one submitted by Kular demonstrates that Kular omitted significant contacts which Kular has with New York. These contacts include having been a client of Biz2Credit, having contracted with Biz2Credit in New York to refer business to Biz2Credit and having used Biz2Credit contacts in order to consider

investments in New York. These relationships allowed Kular to become familiar with Biz2Credit's operation and such familiarity aided Kular's tortious conduct. The conduct which led to this lawsuit not only affected Biz2Credit in New York, but the scheme between Kular and Tulshan was hatched in New York where Tulshan was employed.

## F.    Long Arm Jurisdiction

In determining whether a court has personal jurisdiction over a defendant, a court conducts a two prong analysis. First, it looks to the New York long arm statute, and then the Court determines if asserting jurisdiction **"comports with the due process clause of the United States Constitution".** **Chloe v. Queen Bee of Beverly Hills LLC, 616 F. 3d 158, 164 (2d Cir. 2010).** Overall, the Court looks to the **"totality of the context"** between the non-domiciliary defendant and New York. Id.

Under CPLR 302(a)(1), **"a defendant need not be physically present in New York to transact business there within the meaning of the first clause of section 302 (a)1.** **Chloe v. Queen Bee of Beverly Hills LLC, 616 F. 3d 158, 169 (2d Cir. 2010).** In **Chloe,** the Second Circuit cited to a New York Court of Appeals case entitled, **Deutsche Bank Securities Incorporated v. Montana Board of Investors, 7 N.Y. 3d 65, 850 N.E. 2d 1140, 818 N.Y.S. 2d 164 (2006)** which noted that advancements in technology allow a defendant to conduct business in another state without entering its borders.

See also **United States CFTC v. Wilson**, 2014 U.S. Dist. LEXIS 88111 (S.D.N.Y. 2014).

Under CPLR 302(a)(3), a plaintiff can allege an injury in New York, as well as that the defendant **"expects or should reasonably expect the act to have consequences in the state"**. The element of **"foreseability"** requires that a defendant foresee that his tortious act will have consequences in New York, although not necessarily the exact consequences which occurred. **Andy Stroud Inc. v. Brown**, 2009 U.S. Dist. LEXIS 18725 (S.D.N.Y. 2009). This is the precise circumstance at bar.**

Kular cites one 1991 Southern District of New York case, **ICC Primex Plastics Corp. v. LA/ES Laminati Estrusi Termo-Plastica S/PA**, 775 S. Supp. 650, 656 (S.D.N.Y. 1991), to assert that a plaintiff's place of business in New York is insufficient as a sole basis for jurisdiction. While this may be true, this but one factor to be taken into account for the purpose of due process. Furthermore, Biz2Credit is not asserting that personal jurisdiction is proper because of its place of business alone, but rather because the defendant committed a tort out of State where the injury is felt in New York, and that was always foreseeable.

Under the due process analysis there are two components to be considered: (1) The minimum context inquiry and (2) The reasonable misinquiry. See **United States CFTC v. Wilson**, 2014 U.S.

---

** **Through discovery, Biz2Credit will establish the extent of revenue derived by Kular through his dealings with Tulshan and others.**

**Dist. LEXIS 88111 (S.D.N.Y. 2014).** At bar, the plaintiff's complaint pleads the significant contacts and transactions between the parties. It also alleges a serious injury in New York as a result of defendant's tortious conduct.

Kular's reliance upon certain case law is suspect. Kular cites to **King County v. IKB Deutsche Industriebank AG, 769 F. Supp. 2d 309, 313 (S.D.N.Y. 2011) which states:** § 302(a)1 is a single-act statute requiring but one transaction -- albeit a purposeful transaction -- to confer jurisdiction in New York." It further states: there must be a substantial relationship between the transaction and the claim asserted. The Court notes that there is no definitive test to determine if a defendant has purposefully availed itself of the privilege of conducting activities in New York. Rather, the Court must look to the totality of the defendant's contacts in order to determine whether jurisdiction is proper. Id. at 314.

In the other two New York cases cited to by Kular, the Court dismisses a claim on the basis of personal jurisdiction because the defendant was in New York for a reason wholly unrelated from the claim. The test, in fact, is that "a non-domiciliary defendant is subject to personal jurisdiction if two conditions are met: (1) the defendant must transact business in New York and (2) the claims against defendant must arise out of that business activity. The argument flies in the face of **Andy Stroud Inc. v. Brown, 2009 U.S. Dist. LEXIS (S.D.N.Y. 2009).** Furthermore, "a

**defendant need not be physically present in New York to transact business there".**  **Chloe v. Queen Bee of Beverly Hills, LLC**, 616 F. 3d 158, 173 (2d Cir. 2010).

In paragraph 6 of the complaint, it is specifically alleged that defendant began referring business to Biz2Credit, and later on states that it began to take customers away from Biz2Credit and divert them to Tulshan, despite defendant knowing of the contractual prohibition imposed upon Tulshan.  The claims arose out of Kular's dealings with New York where Biz2Credit operates and where Tulshan once worked.

Kular also cites to **Storch v. Vigneau**, **162 A.D. 2d 241, 242, 556 N.Y.S. 2d 342 (1st Dept. 1990)** which stands for the proposition that **"an injury does not occur in New York within the meaning of CPLR 302(a)(3) merely because plaintiff is domiciled in New York and suffers a loss of income here".**  Kular further cites to examples where a New York plaintiff's mere allegation that personal jurisdiction is proper because the plaintiff suffered economic loss cannot stand.

Notably, the part omitted from the quote offered by Kular is: **"[T]he plaintiff must also establish a significant economic injury in New York, such as the loss or threatened loss of important New York customers.  That rule is well illustrated by Sybron Corp. v. Wetzel, 46 N.Y. 2d 197, 205, 385 N.E. 2d 1055, 413 N.Y.S. 2d 127 (1978) where there was evidence that plaintiff's**

22

**business from New York sales 'could suffer significantly' and the defendant had actively and successfully solicited one of plaintiff's largest New York customers"**. Id. at 652.

By making this his sole argument, Kular incorrectly assumes that the damages suffered are only the loss of customers emanating from the tortious interference and unfair business practice claims.   However, at bar, the injury is also the proprietary and confidential information, including customer lists, strategies, formulae and the like, which was stolen from Biz2Credit.  This was the primary issue in **LaChapelle v. Torres, 1 F. Supp. 3d 163, 177-8 (S.D.N.Y. 2014)**, where the Court denied a motion to dismiss because the issue was misconstrued by defendant, namely, the claims concerned the proprietary and confidential information which was stolen.   See **Manufacturing Technologies Inc. v. Kroger, 2006 U.S. Dist. LEXIS 90393 at 5 (S.D.N.Y. 2006)**.

## CONCLUSION

Defendant's motion to dismiss should be denied so that Biz2Credit's properly pled claims can proceed on the merits against the defendant, an individual whose tortious conduct has caused significant harm to it Biz2Credit.

Dated: New York, New York
December 11, 2014

Respectfully submitted,

LAW OFFICES OF EDWARD WEISSMAN

By: _____
Edward Weissman, Esq. (EW-1340)
Attorney for Plaintiff
Biz2Credit Inc.
60 East 42nd Street, Ste. 557
New York, New York 10165
Tel.: (212) 937-1520

C:\COMPANY SHARED\WEISSMAN\YG\CLIENTS\BIZ2CREDIT\KULAR\BIZ2CREDIT.V.KULAR...PLAINTIFF'S.MEMO.OF.LAW.IN.OPPOSITION.TO.MOTION.TO.DISMISS.DOC